STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Appeals of Wesco, Inc. | } | Docket Nos. 17-1-03 Vtec and 107-6-04 Vtec |
| | } | |
| | } | |

Order on Motion for Interlocutory Appeal

Appellant-Applicant Wesco, Inc. appealed from two decisions of the Development Review Board (DRB) of the City of South Burlington, one in January of 2003 and the other in June of 2004, regarding a convenience store with gasoline service at the merged property at 1108-1118 Williston Road. Appellant-Applicant is represented by[1] Marc B. Heath, Esq. and William E. Simendinger, Esq.; the City of South Burlington is represented by Amanda S. E. Lafferty, Esq.

The Court issued a decision and order on motions for summary judgment, leaving certain issues remaining in Docket No. 17-1-03 Vtec for trial; a date has been reserved for September 2, 2005. The City moved to take an interlocutory appeal of that decision.

---

[1] In addition, Kathryn Sarvak, Esq., is still listed as co-counsel, although she has not participated in these proceedings for some time. Please advise the Court if she should continue to appear in this appeal.

Wesco had filed with the City alternate applications to convert a service station, with one awkwardly-placed diesel fueling position and three gasoline pumps, to a convenience store with a diesel pump and either two or three gasoline pumps (each pump having two fueling positions). Wesco is seeking approval in the present appeal of a site plan for the convenience store with three gasoline pumps which the DRB considered and ruled on in late 2002. What remains in this case is Wesco=s application for approval of a third gasoline pump (proposed for the same island as the new diesel location), associated changes in the curb cut widths, parking and landscaping configuration, and issues of glare and screening relating to a canopy over the diesel island.

It is difficult to understand what the City argues is the controlling question of law suitable for interlocutory appeal. The City appears to be focusing the fact that when these applications were filed, the conversion of the service station to the convenience store had not yet occurred, and that now the convenience store, two gasoline pumps and one diesel pump have been installed and are operating under other already-approved permits. However, the site plan approval requirement is the same whether it is triggered by a change in use (such as the change from a service station to a convenience store), an expansion of a use (such as from two to three gasoline pumps), or an entirely new use. '26.10. The DRB, or this Court in an appeal, must analyze the proposed site plan in light of the standards in the regulations, regardless of what triggered the need for the site plan

review.  The DRB has already considered this site plan.

In the remaining merits hearing, Wesco will have to show, among other things, that the on-site circulation, and proposed changes in curb cut, parking and landscaping will meet the regulations if the additional vehicles proposed to use the outlying third gasoline pump are added to the anticipated circulation of vehicles on the property, and particularly whether there will be any conflict between trucks and passenger vehicles proposed to use the same diesel-and-gasoline pump island.  Wesco will also have to present evidence on whether the proposed diesel canopy produces glare or is sufficiently screened.  The City has not shown why it matters to this analysis that Wesco has already acted under its previous approval to convert the service station to a convenience store with two gasoline pumps.  The DRB (or the former separate ZBA and Planning Commission) previously had before it alternate plans to convert the service station to a convenience store: one plan with two gasoline pumps, and one with three.  Only the two-gasoline-pump plan was approved. Wesco still has the right to proceed with its appeal of the denial of its preferred three-pump plan, even though its approved two-pump plan has been installed.  The three-pump plan  is properly before the Court in what remains of this appeal, and does not require remand to the DRB.

Even if the question of whether this appeal should be remanded were a >controlling question of law=, an immediate appeal to the Supreme Court would not >materially

advance the termination of the litigation,= especially if the time period to be measured includes the time for the case to be considered at the Supreme Court as well as the time for trial. In re Pyramid Co., 141 Vt. 294, 303-06 (1982). What remains in this case is a one-day merits hearing on limited factual issues. If this Court were to allow interlocutory appeal and the Supreme Court were to agree with the City that this appeal should be remanded to the DRB, after the remanded DRB proceedings the case could ultimately return to the Environmental Court de novo and be in the same posture as it is now for trial. If the Supreme Court did not agree that the matter should be remanded, the remaining portion of the appeal would be returned to the Environmental Court in exactly its present posture.

On the other hand, if the proposed site plan amendments at issue in this appeal (the proposed third pump location, enlarged curb cuts, and glare and screening related to the canopy over the diesel island) were denied after the scheduled hearing on the merits, and if Wesco were to choose not to appeal that denial, the matter will not need to be presented to the Supreme Court at all. If Wesco were to appeal that denial, the issues the City seeks to raise now could equally well be raised in that appeal. Similarly, if any of the proposed site plan amendments were granted, the City itself would then be able to bring an appeal on the issues it seeks to raise now.

Accordingly, the City=s motion for permission to take an interlocutory appeal is DENIED.

The Court will hold a brief telephone conference to discuss the relative timing of the trial now reserved for September 2, 2005, and any motion the City may wish to make to the Vermont Supreme Court.  Ordinarily, after the trial, the filing of requests for findings and memoranda of law would have been scheduled so that the remaining merits of the case would have been under advisement with the Court in the first week of October, as Judge Wright will be away from September 9 through September 29.  At the telephone conference, the parties should be prepared to state their positions regarding whether that remaining merits hearing should be postponed, with requests for findings and memoranda being due before or at the hearing, so that the matter would be under advisement with the Court at approximately the same time.  They should discuss the matter with each other in advance of this conference.

Dated at Berlin, Vermont, this 12th  day of August, 2005.

_____

Merideth Wright
Environmental Judge